```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF CONNECTICUT
```

FAROULH DORLETTE,
       Plaintiff,
                                          PRISONER
   v.                          CASE NO. 3:12-cv-168(AWT)

OFFICER DYSON, et al.,
       Defendants.

## INITIAL REVIEW ORDER

    The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut ("Northern"), has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Correctional Officers Dyson, Coto, Krob and Sokolowski, Captains Cahill and Hines, Lieutenant Williams and Alexander, Deputy Wardens Faucher and Powers, Warden Quiros, District Administrator Lajoie and Counselor Kay.

    Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

   The plaintiff alleges that on October 11, 2010, Officer Dyson used excessive force against him.  The plaintiff claims that Officer Cotto, Lieutenant Williams, Captains Cahill and Hines, Deputy Wardens Powers and Faucher and Warden Quiros failed to protect him from the use of force by Officer Dyson.  The plaintiff claims that Officer Dyson's actions were taken in retaliation for his using the grievance procedures, for filing lawsuits and making other complaints against Officer Dyson.

On October 13, 2010, Officer Krob informed the plaintiff that Officer Dyson had issued him a disciplinary report for interfering with safety and security.  The plaintiff alleges that Officer Krob, Counselor Kay, Lieutenant Alexander and District Administrator Lajoie denied him due process in connection with the disciplinary hearing held on November 10, 2010.  Disciplinary Hearing Officer Lieutenant Alexander found the plaintiff guilty and imposed sanctions of twenty days in punitive segregation, sixty days loss of visitation rights, ninety days loss of telephone and ninety days loss of commissary.

The plaintiff claims that Officer Sokolowski denied his requests for reports pertaining to the use of force by Officer Dyson pursuant to the Freedom of Information Act that he intended to use in potential litigation.  In addition, defendant Sokolowski read the plaintiff's legal mail outside of his presence.  The plaintiff claims that these actions were taken in retaliation for his attempts to file a lawsuit.  The plaintiff seeks declaratory and injunctive relief and monetary damages.

The court concludes that the allegations in the complaint state plausible claims of excessive force, failure to protect, denial of access to courts and retaliation.  To the extent that plaintiff asserts section 1983 claims against the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits

for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**ORDERS**

The court enters the following orders:

(1)   The claims for money damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The remaining claims shall proceed against the defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

(2)  Within fourteen (14) days of this order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)  Within fourteen (14) days of this order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after

mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (4)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

    (5)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    (6)  Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

    (7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

    (8)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

It is so ordered.

Dated this 31st day of October 2012, at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
